IN THE UTAH COURT OF APPEALS

----ooOoo----

State of Utah,           )          OPINION

)

       Plaintiff and Appellant,    )       Case No. 20110018-CA

)

v.                       )         F I L E D

)      (September 13, 2012)

Xavier Morrison,        )

)

       Defendant and Appellee.   )

| 2012 UT App 258 |

-----

Fourth District, Provo Department, 101401807
The Honorable Steven L. Hansen

Attorneys:     Sherry Ragan, Provo, for Appellant
                Lisa Crawford and Douglas J. Thompson, Provo, for Appellee

-----

Before Judges Voros, Orme, and Thorne.

THORNE, Judge:

¶1     The State charged eighteen-year-old Xavier Morrison with supplying alcohol to a minor after Morrison admitted to sharing some of his beer with other minors at a party. Upon Morrison's motion, the district court dismissed the charge, concluding that the charge would work an "absurd result" in light of Morrison's own minority. *See generally In re Z.C.*, 2007 UT 54, ¶¶ 11–24, 165 P.3d 1206. We reverse the district court's dismissal order and remand for further proceedings.

BACKGROUND

¶2     On March 13, 2010, a Utah County deputy sheriff determined that Morrison and several other minors had been consuming alcohol at a campsite party in Hidden

Hollow, near Eagle Mountain. Morrison was eighteen years old at the time. Two of the other minors, both eighteen themselves but slightly older than Morrison, told the deputy that Morrison had provided them with the alcohol, and Morrison admitted that he had shared some of his beer with other individuals at the party. Morrison told the deputy that he had obtained the beer by pulling a "Hey, Mister," meaning that he had gone to a gas station and found someone of age who would purchase beer for him.

¶3    The State charged Morrison with both unlawful possession or consumption of alcohol by a minor, *see generally* Utah Code Ann. § 32A-12-209 (Supp. 2010) (current version at *id.* § 32B-4-409 (2011)), and supplying alcohol to a minor, *see id.* § 32A-12-203 (2005) (current version at *id.* § 32B-4-403 (2011)).[1] Morrison moved to dismiss the supplying charge, arguing that prosecuting a minor for providing alcohol to other minors created the same sort of "absurd result" that the Utah Supreme Court precluded in *In re Z.C.*, 2007 UT 54, 165 P.3d 1206. *See id.* ¶¶ 11–24 (concluding that a delinquency adjudication for sexual abuse of a child against a thirteen-year-old girl for her sexual activity with a twelve-year-old boy would, absent circumstances indicating a true perpetrator and a true victim, work an absurd result).

¶4    The district court agreed with Morrison and dismissed the charge of supplying alcohol to a minor. The district court concluded that Morrison was under the age of twenty-one at the time of the alleged offense and that Utah Code section 32A-12-203 was meant to protect those under the age of twenty-one. The district court, relying on *In re Z.C.*, thus concluded that Morrison was in the protected class for purposes of section 32A-12-203 and that, "under [*In re*] *Z.C.*, that the charge of Supplying Alcohol to a Minor, would lead to an 'absurd result' if [Morrison] is charged with the crime, as [Morrison] is both in the protected class and was younger than those who consumed the alcohol." The State appeals from the order of dismissal.

ISSUE AND STANDARD OF REVIEW

¶5    The State argues that charging a minor with supplying alcohol to another minor under Utah Code section 32A-12-203 is not precluded by the supreme court's "absurd result" analysis in *In re Z.C.* Issues of the proper interpretation of statutes and existing

---

[1]The minor in possession of alcohol charge is not at issue in this appeal.

case law present questions of law, which we review for correctness. *See State v. Leyva*, 951 P.2d 738, 741 (Utah 1997) ("A lower court's interpretation of binding case law presents a question of law which we review for correctness."); *State v. Graham*, 2011 UT App 332, ¶ 14, 263 P.3d 569 ("Questions of statutory interpretation are matters of law, which we review for correctness.").


ANALYSIS

¶6     The State argues that the district court erred when it concluded that this case is so analogous to *In re Z.C.* as to require the dismissal of the supplying alcohol to a minor charge against Morrison. We agree with the State that the concerns that led to the *In re Z.C.* holding are simply not applicable where, as here, one minor provides alcohol to another minor.

¶7     In *In re Z.C.*, the supreme court determined that a thirteen-year-old girl could not be adjudicated delinquent for engaging in sexual activity with a twelve-year-old boy, notwithstanding Utah Code section 76-5-404.1's prohibition against "any person" sexually touching a "child," *see* Utah Code Ann. § 76-5-404.1(2) (2003). The supreme court rejected the argument that a "child" such as Z.C. did not qualify as "any person" for purposes of the sex abuse statute, observing that the statute defined children as a subset of persons generally.[2] In light of this definition, the supreme court concluded that, "under the plain language of the statute, a child is a person and may be adjudicated delinquent for sexually touching another child with the requisite intent." *See In re Z.C.*, 2007 UT 54, ¶ 10, 165 P.3d 1206.

¶8     However, the supreme court then turned to the question of whether it would work an absurd result to adjudicate children to be child sex abusers for their consensual sexual contact with other children.[3] *See id.* ¶¶ 11–24. After reviewing the historical

---

[2]For purposes of Utah Code section 76-5-404.1, "child" was defined as "a person under the age of 14." *See* Utah Code Ann. § 76-5-404.1(1) (2003).

[3]The supreme court acknowledged, as do we, that Utah law does not recognize the consent of children under the age of fourteen in matters of sexual activity. *See In re*

(continued...)

application of the absurd results doctrine, *see id.* ¶¶ 12–16, the supreme court concluded that "the legislature could not possibly have intended to punish both children under the child sex abuse statute for the same act of consensual heavy petting," *id.* ¶ 17. Accordingly, the court held "that applying the plain language of the statute in this case produces an absurd result." *See id.*

¶9     The supreme court expressed several interrelated concerns about Z.C.'s adjudication as a child sex abuser, including the heinousness of that crime and the likelihood that such an adjudication could have future consequences for Z.C. in child custody and support matters. *See id.* ¶¶ 18, 23. However, the supreme court's primary concern was that the State's theory of delinquency "simultaneously punish[ed] both children for child sex abuse" even though that crime "clearly envisions a perpetrator and a victim." *See id.* ¶ 20. This concern with the need for a clear perpetrator and a clear victim was emphasized by the supreme court in its holding:

> We hold that the application of Utah Code section 76-5-404.1 is absurd where no true perpetrator or victim exists. And the State may not create a perpetrator and a victim through selective prosecution. Rather, charges against the perpetrator must be based upon a material gap in the maturity of the two participants, evidence of coercion or force, or a wider age differential than exists in this case.

*Id.* ¶ 24 n.10.

¶10     In light of the considerations underlying the holding of *In re Z.C.*, we see inadequate support for the district court's dismissal of the supplying alcohol to a minor charge against Morrison. The district court based its conclusion that the charge against Morrison was absurd on two factors: that Morrison is a member of the class of persons—those under twenty-one years of age—protected by the applicable statute and that Morrison was younger than the minors to whom he provided alcohol. We do not

---

[3](...continued)
*Z.C.*, 2007 UT 54, ¶ 1 n.1, 165 P.3d 1206 ("Throughout this opinion, we employ the term 'consensual' in its conventional, rather than its legal, sense.").

disagree with either of these observations, but neither warrants the dismissal of the charge under *In re Z.C.*

¶11   The district court correctly concluded that Morrison, as a minor, was himself in the class of persons protected by Utah Code section 32A-12-203. *See State v. Souza*, 846 P.2d 1313, 1319 (Utah Ct. App. 1993) ("[T]he prohibition against supplying alcohol to minors expresses a state policy to protect minors as a particular class of people."). But Morrison's status as a protected class member does not grant him free rein to violate laws intended to protect the class as a whole. In *In re Z.C.*, both children were members of the class protected by the child sex abuse statute; however, the supreme court was clear that a delinquency adjudication was allowable when there was a clear victim and a clear perpetrator. *See* 2007 UT 54, ¶ 24, 165 P.3d 1206. The supreme court also strongly suggested that, in certain circumstances, a "true perpetrator" of child sex abuse might be a child who was even younger than his or her child victim. *See id.* ¶ 24 & n.10 ("Even among children under the age of fourteen, there are unfortunately situations where an older *or more physically mature* child abuses a younger *or smaller* child." (emphasis added)). Just as *In re Z.C.* does not necessarily preclude child sex abuse charges against a perpetrator who is both a child and younger than his or her victim, neither the fact that Morrison is in the protected class nor the fact that he is younger than his "victims" necessarily precludes a supplying alcohol charge against him.

¶12   Rather, the overriding concern of the *In re Z.C.* analysis was whether "there is an identifiable distinction between the perpetrator and the victim." *See id.* ¶ 24. In the child sexual abuse context, that distinction must be demonstrated by "a material gap in the maturity of the two participants, evidence of coercion or force, or a wide[] age differential." *See id.* ¶ 24 n.10. However, in the context of supplying alcohol to a minor, almost every case involves a clear perpetrator and a clear victim—the perpetrator is the one who supplies the alcohol, and the victim is the one who receives it.[4]

---

[4]We acknowledge the occasional instance where the distinction between perpetrator and victim might blur, as when two minors who each possess a different brand of beer might exchange one or more beers so that each could sample the other's contraband in equal measure. While we express no opinion on the matter, we note that even this scenario might be characterized as two separate acts of supplying, unlike the simultaneous sexual activity addressed in *In re Z.C.*

¶13     In this case, it is undisputed that Morrison acquired sole possession and control over some beer and then chose to share it with other minors.[5] By statute, those other minors were to be protected against access to alcohol, and yet Morrison nevertheless provided it to them in violation of the statute. Thus, as between Morrison and the other minors, only Morrison—and not the other minors—perpetrated the crime of supplying alcohol to a minor. For this reason, we conclude that Morrison's prosecution for supplying alcohol to a minor is not precluded by the supreme court's "absurd result" analysis in *In re Z.C.*, which relied primarily on the lack of an identifiable perpetrator.[6]

---

[5]This is not a situation where the other minors accompanied Morrison on the "Hey, Mister," or even one where the several minors pooled their funds and sent Morrison in search of alcohol on behalf of the group. It is possible that such situations might be characterized as joint possession by all of the minors and not as an act of distribution by the one who first obtained the alcohol. *Cf. United States v. Swiderski*, 548 F.2d 445, 450 (2d Cir. 1977) ("[W]here two individuals simultaneously and jointly acquire possession of a drug for their own use, intending only to share it together, their only crime is personal drug abuse simple joint possession, without any intent to distribute the drug further. Since both acquire possession from the outset and neither intends to distribute the drug to a third person, neither serves as a link in the chain of distribution."); *State v. Carithers*, 490 N.W.2d 620, 622–23 (Minn. 1992) (holding that a husband who went to buy drugs for himself and his wife did not distribute drugs to the wife, as she constructively possessed the drugs from the moment of husband's acquisition thereof). Here, however, Morrison was clearly "a link in the chain of distribution" between the adult who purchased the alcohol and the minors who ultimately consumed it. *See Swiderski*, 548 F.2d at 450.

[6]We also observe that the supplying alcohol charge in this case presents a much less serious and stigmatizing crime than the child sex abuse charge in *In re Z.C.* and is much less likely to have lingering negative effects on Morrison after he completes any punishment that he might receive if convicted. *Cf. In re Z.C.*, 2007 UT 54, ¶¶ 18, 23 (considering the heinousness of child sex abuse and the likelihood that an adjudication for that crime could have future consequences for Z.C. in child custody and support matters).

CONCLUSION

¶14    In this case, Morrison was correctly charged with supplying alcohol to a minor. Despite Morrison's own minority status and his younger age relative to those with whom he shared his beer, Morrison was clearly acting as the supplier—and therefore the perpetrator—when he provided alcohol to other minors by sharing his beer with them.  Thus, his prosecution for supplying alcohol to a minor does not work an absurd result under *In re Z.C.*, and the district court erred in dismissing the supplying alcohol to a minor charge on that basis.  We reverse the district court's dismissal order and remand this matter for further proceedings.

_____
William A. Thorne Jr., Judge


-----


¶15    WE CONCUR:



_____
J. Frederic Voros Jr.,
Associate Presiding Judge




_____
Gregory K. Orme, Judge